1

2

3

4

5

6

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

7   NELSON LLAVATA,                              )
                                                 )
8                            Plaintiff,           )   Case No. 2:11-cv-00250-GMN-CWH
                                                 )
9   vs.                                          )   **ORDER**
                                                 )
10  COLE MORROW, *et al.*,                       )
                                                 )
11                           Defendants.         )
    _____ )

12

13        This matter is before the Court on Plaintiff Nelson Llavata's Motion to Extend Copywork

14  (#14), filed August 1, 2011; Defendants' Opposition to Plaintiff's Motion to Extend Prison

15  Copywork Limit (#17), filed August 2, 2011; and Plaintiff's Reply to Defendants' Opposition to

16  Extend Prison Copywork Limit (#23), filed August 24, 2011.  This matter is also before the Court

17  Plaintiff's Motion Identifying Defendant, John Doe, and Request for Issuance of Summons (#15),

18  filed August 1, 2011; Defendants' Opposition to Plaintiff's Motion Identifying Defendant, John

19  Doe, and Request for Issue of Summons (#16), filed August 2, 2011; and Plaintiff's Reply to

20  Defendants' Opposition to Plaintiff Motion Identifying Defendant John Doe and Request for Issue

21  of Summons (#22), filed August 24, 2011.  The Court will also consider Plaintiff's Motion for

22  Conference Hearing (#24), filed September 8, 2011.

23                                    **BACKGROUND**

24        Plaintiff is a prisoner in the custody of the Nevada Department of Corrections (NDOC) and

25  currently housed in the Lovelock Correctional Center.  On April 11, 2011, Plaintiff was granted

26  leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and instructed to file an amended

27  complaint more fully articulating his Eighth Amendment claim for deliberate indifference to his

28  medical needs.  *See* Order (#5).  On May 4, 2011, Plaintiff filed his amended complaint.  On May

    31, 2011, the Court entered its screening order finding that Plaintiff had pled facts sufficient to

1   support his Eighth Amendment claim for deliberate indifference to his medical needs. *See*

2   Screening Order (#8).

3          On August 1, 2011, after the Nevada Attorney General had accepted service on behalf of

4   Defendants Cole Morrow and Bruce Bannister, Plaintiff filed his motion to extend copywork (#14)

5   and his motion requesting issuance of summons for Defendant John Doe (#15).  The Court has

6   reviewed the motions and concludes that each must be denied.

7                                              **DISCUSSION**

8   **1.  Plaintiff's Motion to Extend Copywork (#14)**

9          A prisoner does not have a right to free photocopying. *Johnson v. Moore*, 948 F.2d 517,

10  521 (9th Cir. 1991); *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir.1989) (stating "numerous courts

11  have rejected any constitutional right to free and unlimited photocopying").  Nevada Department of

12  Corrections Administrative Regulation 722 ("Inmate Legal Access") provides that "[c]opies of

13  legal documents requested by inmates may be made for a nominal fee."  Nevada Department of

14  Corrections Administrative Regulation (NDOC AR) 722.01(9).  "Inmates can only accrue a

15  maximum of $100 debt for copy work expenses for all cases, not per case." *See* NDOC AR

16  722.01(9)(D).  Plaintiff acknowledges that he has exceeded his prison copy limit and requests that

17  the Court order the NDOC to increase his copy work limit. *See* Pl.'s Mot. (#14) at 1:16-19.

18         A court may order a prison to provide additional photocopying when the petitioner

19  demonstrates that an increase is necessary for an inmate to provide copies to the court and other

20  parties. *See Cf.*, *Allen v. Clark County Detention Center*, 2011 WL 886343 *2 (D. Nev.).  Plaintiff

21  has failed to demonstrate in the present motion that an increase is necessary.  There is no indication

22  that petitioner's prisoner account has insufficient funds for petitioner to replenish his copy work

23  limit.  In addition, Nevada prisons provide inmates with carbon paper to enable inmates to

24  reproduce writings without the use of photocopies. *See* NDOC AR 702.01(9)(E) ("Carbon paper

25  should be made available to any inmate who requests this item for legal purposes ....").

26  Accordingly, the Court will deny the motion to extend prison copywork limit (#14).

27  ///

28  ///

**2. Plaintiff's Motion Identifying Defendant, John Doe, and Request for Issuance of Summons (#15)**

By way of this motion, Plaintiff requests that the Court issue an order directing the Nevada Attorney General, who represents Defendants Cole Morrow and Bruce Bannister, to identify Defendant "Dr. John Doe." *See* Pl.'s Mot. (#15) at 2. Plaintiff asserts that he has made every effort to identify the unnamed defendant, who appears to be a physician that treated Plaintiff during his incarceration, but has been unable to do so. Plaintiff has, to no avail, gone so far as to ask the medical personnel at Lovelock Correctional Center to help him read or understand the signature of the physician in his medical file. *See* Ex. 1 attached to Pl.'s Mot. (#24). The Attorney General opposes the request on the ground that pleading fictitious parties is not permitted by the Federal Rules and that the complaint does not "set forth information sufficient to ascertain the identity ... of the fictitious 'Dr. John Doe.'" *See* Defendants' Resp. (#16) at 3:17-19.

Here, Plaintiff's motion is procedurally defective and must be denied. "Pro se litigants must follow the same rules of procedure that govern other litigants." *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Although not styled as such, Plaintiff's motion is actually a motion to compel disclosure of information. Pursuant to Federal Rule of Civil Procedure 37, "[a] party seeking discovery may move for an order compelling an answer .... if: (iii) a party fails to answer an interrogatory submitted under Rule 33." *See* Fed. R. Civ. P. 37(a)(3)(iii). Rule 33 interrogatories may only be served on other parties. *See* Fed. R. Civ. P. 33(a)(1). There are other discovery devices a litigant may use to obtain information, including a Rule 45 subpoena to obtain information from a non-party. Unfortunately, at present there is nothing before the Court suggesting that Plaintiff is seeking to compel an answer to an appropriately served discovery device.[1]

///

---

[1] Pursuant to Local Rule 16-1(b), "[i]n actions by or on behalf of inmates under 42 U.S.C. § 1983 ... no discovery plan is required. In such cases, a scheduling order shall be entered within thirty (30) days after the first defendant answers or otherwise appears." The Court notes that Defendants' filed a motion to dismiss (#12) on July 21, 2011, which constitutes an appearance for purposes of LR 16-1(b) and, as such, a scheduling order and discovery plan will be entered shortly.

**3. Plaintiff's Motion for Conference Hearing (#24)**

By way of this motion, Plaintiff requests a hearing to discuss the identity of the unknown defendant so that he may be served.  Given the Court's ruling on Plaintiff's motions (#14) and (#15), there is no need for a hearing at this time.  Accordingly, this motion will be denied.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Extend Copywork (#14) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Identifying Defendant, John Doe, and Request for Issuance of Summons (#15) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Conference Hearing (#24) is **denied**.

DATED this 14th day of September, 2011.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge