UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NELSON LLAVATA,                                    )          Case No.: 2:11-cv-00250-GMN-LRL
                                                   )
            Plaintiff,                            )          **ORDER**
   vs.                                             )
                                                   )
HOWARD SKOLNIK, et al.,                            )
                                                   )
           Defendants.                           )
                                                   )

## INTRODUCTION

Before the Court is Defendants Cole Morrow and Bruce Bannister's Motion to Dismiss (ECF No. 12). Plaintiff Nelson Llavata filed a Response (ECF No. 19) and Defendants filed a Reply (ECF No. 20).

## FACTS AND BACKGROUND

Plaintiff's First Amended Complaint ("FAC") alleges violations of his Eighth Amendment right against cruel and unusual punishment. Plaintiff, who is currently incarcerated at Lovelock Correctional Center ("LLCC"), has sued Nevada Department of Corrections ("NDOC") Medical Director Bruce Bannister, High Desert State Prison ("HDSP") Associate Warden Cole Morrow, and Dr. John Doe. Plaintiff alleges that prior to his arrest he was in a motorcycle accident in 2001 and had a titanium rod and six screws placed in his left leg. At that time he was told that he would need further surgery in several years to repair his meniscus. When he arrived at HDSP in December 2009, he informed the intake staff of his medical issues and that he would require further treatment and surgery. Despite numerous medical kites, Plaintiff did not see a doctor for more than three months and the doctor gave him a "pain pack" of only twelve ibuprofen. Plaintiff claims to suffer constant leg pain, and claims the ibuprofen

provides little relief.  In October 2010, Plaintiff fell and re-injured his leg and the incising site re-opened.  The wound became infected and had not healed as of the date of the filing of the suit.  Plaintiff alleges that each Defendant either directly failed to provide further treatment or denied his grievances.

## DISCUSSION

**A.     Legal Standard – Fed. R. Civ. P. 12(b)(6)**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency.  *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. 1955, 1964 (2007).  However, facts must be sufficient to edge a complaint from the conceivable to the plausible in order to state a claim. *Id.* In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The Supreme Court clarified that, in order to avoid a motion to dismiss, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

The Court in Ashcroft further stated "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*  Therefore, merely making an allegation is not enough to survive a motion to dismiss; facts that a particular defendant may plausibly be liable for the alleged conduct must be pled.

**B.     Analysis**

    1.     <u>Dr. John Doe Defendant</u>

As a general rule, the use of "Doe" pleading is improper, since there is no provision in federal rules permitting use of fictitious defendants. *McMillan v. Department of Interior*, 907 F.Supp. 322, 328 (D.Nev. 1995).  However, in circumstances "where the identity of the alleged defendant [] [is] not [] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Id.*  In this case, Plaintiff's complaint alleges participation in his civil rights violations by a Dr. John Doe.  This was the doctor who examined and treated Plaintiff multiple times.  Therefore, his identity should be able to be ascertained through discovery.  Accordingly, Defendants' request to dismiss Doe Defendants is denied.

    2.     <u>Official Capacity Claims</u>

"State officers in their official capacities . . . are not amenable to suit for damages under §1983." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n. 24, 117 S.Ct. 1055, 1070 (1997).  The Screening Order only recognized an Eighth Amendment claim against Morrow and Bannister.  Therefore, Defendants argue Plaintiff cannot maintain a claim against these Defendants in their official capacities.  Plaintiff argues that he can maintain a claim against Defendants in their official capacity because he is seeking injunctive relief such that he requests the Court to order the surgery.  The Eleventh Amendment does not bar actions against state

officers in their official capacities if the plaintiff seeks only a declaratory judgment or injunctive relief. *Jackson v. Hayakawa*, 682 F.2d 1344, 976 F.2d 469 (9th Cir. 1992).

Defendants' arguments as to why Plaintiffs claims against Defendants in their official capacity also foreclose any claims for declaratory judgment or injunctive relief against Plaintiffs. The citations provided by Defendants do not clarify their position. Accordingly, Plaintiff's claims against Defendants in their official capacity are not dismissed.

### 3.    Plaintiff States an Eighth Amendment Violation

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A detainee or prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Id.* at 106. The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer*, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id.*

"Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious'." *Hudson v. McMillian*, 502 U.S. 1, 9 (1992). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that prison

has a 'serious' need for medical treatment." *McGuckin v. Smith*, 974 F.2d 1050, 1059–1060 (9th Cir. 1992), *overruled on other grounds*, *WMX Tech, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). Plaintiff alleges that his pain is chronic and substantial which satisfies the first prong of "sufficiently serious."

Delay of, or interference with, medical treatment can amount to deliberate indifference. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 1996); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, (9th Cir. 1997) (en banc); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Where the prisoner is alleging that delay of medical treatment evinces deliberate indifference, however, the prisoner must show that the delay led to further injury. *See Hallett*, 296 F.3d at 745-46; *McGuckin*, 974 F.2d at 1060; *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam). Plaintiff also alleges facts that the delayed treatment has led to other injuries.

Plaintiff sufficiently alleges facts that Defendants Morrow and Bannister knew of his "serious injury" because they reviewed his grievances and did not take steps to try to remedy the harm being caused to Plaintiff. Accordingly, Plaintiff has stated a claim under the Eighth Amendment for a constitutional violation.

4. <u>Defendants Did Directly Participate in the Constitutional Deprivation</u>

For defendants to be held liable under §1983, the plaintiff must demonstrate that the defendant personally participated in the alleged denial of rights. *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 663 n.7 (1978); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). However, a

supervisor may be liable for constitutional violations of subordinates however, if the supervisor participated in, directed, or knew of the violations and failed to act to prevent them. *Id.*

Plaintiff alleges that Defendants Morrow and Bannister knew of the grievances he filed and failed to provide him adequate medical attention. This does not amount to a *respondeat superior* claim but a direct violation of his Eighth Amendment rights, because these Defendants directly participated in denying his requests for medical treatment. Therefore, Plaintiff does allege facts of direct participation of Defendants of an Eighth Amendment violation.

### 5. Qualified Immunity

Qualified immunity shields government officials from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When determining whether or not a state official is entitled to the protections of qualified immunity, a court must engage in a two-question analysis. *Saucier v. Katz*, 533 U.S. 194, 201 (2001) (overruled on other grounds by *Pearson v. Callahan*, 555 U.S. 223, 237, 129 S.Ct. 808, 818 (2009)). Courts should inquire as to whether the facts alleged, viewed in a light most favorable to the party asserting the injury, show that a defendant's conduct violated a constitutional right. *Id.* Courts should inquire whether or not the alleged constitutional right was clearly established at the time of the incident at issue. *Id.* While the courts have traditionally engaged in the analysis by determining whether a constitutional right was implicated *prior* to determining whether such was clearly established at the time of the alleged conduct, the Supreme Court held in *Pearson,* 129 S.Ct. at 818 that:

> On reconsidering the procedure required in *Saucier,* we conclude that, while the sequence set forth there is often appropriate, it should no longer be regarded as mandatory. The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.

In determining whether the constitutional right was clearly established, the inquiry by the court "must be undertaken in light of the specific context of the case, not as a broad general proposition . . . ," *Saucier*, 533 U.S. at 201.  "[T]he right the official is alleged to have violated must have been clearly established in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* at 202 (internal quotations and citations omitted). Qualified immunity shields a public official from a suit for damages if, under the plaintiff's version of the facts, a reasonable official in the defendant's position could have believed that his or her conduct was lawful in the light of clearly established law and the information the official possessed at the time the conduct occurred. *Hunter*, 502 U.S. at 227; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987); *Harlow*, 457 U.S. at 818; *Schwenk v. Hartford*, 204 F.3d 1187, 1195–96 (9th Cir. 2000).

Defendants argue that if the Court determines that Plaintiff's Eighth Amendment rights were violated in the manner alleged, then the Court must determine whether Plaintiff had a clearly established right to personally direct all aspects of his medical care and treatment, including the determination as to the need for specialty consultations and surgical procedures, while in the custody of the NDOC.  However, the general law regarding the medical treatment of prisoners was clearly established at the time of Plaintiff's injuries. *See Hamilton v. Endell*, 981 F.2d 1062, 1066 (9th Cir. 1992).   Therefore, Defendants are not entitled to qualified immunity.

6. <u>Punitive Damages</u>

Punitive damages are only available in a § 1983 suit when a plaintiff shows that defendant's conduct was motivated by evil motive or intent of when it involves reckless or callous indifference to the federally protected rights of the plaintiff. *Smith v. Wade*, 461 U.S. 30, 56 (1983); *Dubner v. City and County of San Francisco*, 266 F.3d 959, 969 (9th Cir. 2001).

Defendants argue that Plaintiff has failed to plead facts sufficient to satisfy that Defendants Morrow and Bannister's actions were motivated by evil motive or intent or reckless indifference to Plaintiff's rights.  However, the failure to provide medical care as claimed by Plaintiff and the particular circumstances he alleges, if true, does satisfactorily demonstrate a reckless indifference.  Accordingly, the Court finds that Plaintiff has stated a claim for punitive damages.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants Cole Morrow and Bruce Bannister's Motion to Dismiss (ECF No. 12) is **DENIED**.

**DATED** this 30th day of March, 2012.

_____
Gloria M. Navarro
United States District Judge