# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

NELSON LLAVATA,

           Plaintiff,        Case No. 2:11-cv-00250-GMN-CWH

vs.                                   **ORDER**

COLE MORROW, *et al.*,

           Defendants.

This matter is before the Court on Plaintiff's Motion for an Order to Waive Copywork Fees for Limited Copies of Plaintiff's Medical Chart (#47), filed June 4, 2012.

## BACKGROUND

Plaintiff is a prisoner in the custody of the Nevada Department of Corrections (NDOC) and currently housed in the Lovelock Correctional Center. On April 11, 2011, Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and instructed to file an amended complaint more fully articulating his Eighth Amendment claim for deliberate indifference to his medical needs. *See* Order (#5). On May 4, 2011, Plaintiff filed his amended complaint. On May 31, 2011, the Court entered its screening order finding that Plaintiff had pled facts sufficient to support his Eighth Amendment claim for deliberate indifference to his medical needs. *See* Screening Order (#8).

By way of this motion, Plaintiff requests that the Court issue an order waiving copying fees for specified medical records. Plaintiff asserts that his medical records are highly relevant to his deliberate indifference claim. After review, the Court finds that Plaintiff has not met his burden to show that the relief requested is necessary.

## DISCUSSION

A prisoner does not have a right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991); *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir.1989) (stating "numerous courts have rejected any constitutional right to free and unlimited photocopying"). Nevada Department of Corrections Administrative Regulation (NDOC AR) 722.01(9) provides that "[c]opies of legal documents requested by inmates may be made for a nominal fee." "Inmates can only accrue a maximum of $100 debt for copy work expenses for all cases, not per case." *See* NDOC AR 722.01(9)(D). NDOC AR 639.02(7) provides further that "[i]nmates are not constitutionally entitled to free coy work. Inmates may request limited copies of medical records for legal purposes by submitting a brass slip for the cost of the copies requested. In order to receive the requested copies, inmates must have sufficient funds in their individual account in the Prisoner's Personal Property Fund to cover the cost of the requested copies."

A court may order a prison to provide additional photocopying when the petitioner demonstrates that an increase is necessary for an inmate to provide copies to the court and other parties. *See Cf.*, *Allen v. Clark County Detention Center*, 2011 WL 886343 *2 (D. Nev.). However, Plaintiff has failed to demonstrate in the present motion that an increase is necessary. Nor is there an indication that Plaintiff has insufficient funds to cover the cost of the requested copies. Before the Court will consider increasing the copy limit or waiving copying fees, the Plaintiff must show that he has followed the appropriate regulatory procedures and that he has insufficient funds for the requested copies.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for an Order to Waive Copywork Fees for Limited Copies of Plaintiff's Medical Chart (#47) is **denied without prejudice**.

DATED this 6th day of June, 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge