# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| NELSON LLAVATA, | |
| Plaintiff, | Case No. 2:11-cv-00250-GMN-CWH |
| vs. | **ORDER** |
| COLE MORROW, *et al.*, | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion to Extend Discovery Deadline (#62), filed August 20, 2012; Defendants' Response (#63), filed August 28, 2012; and Plaintiff's Reply (#65), filed September 10, 2012. The Court will also consider Defendants' Motion to Extend the Deadline to File Dispositive Motions (#66), filed September 17, 2012.

## BACKGROUND

Plaintiff requests that the Court extend the discovery cutoff in this matter an additional 45 days so that he may serve Rule 33, Rule 34, and Rule 36 discovery requests. Plaintiff states that he was unable to comply with the discovery cutoff date of August 20, 2012, because of a change in library access at the prison in which he is incarcerated. Defendants oppose the motion on the grounds that: (1) the motion is untimely, (2) Plaintiff has not complied with LR 26-4, and (3) Plaintiff has unnecessarily delayed the completion of discovery. In reply, Plaintiff attaches a copy of a letter from Defendants' counsel noting that neither Rule 33 nor Rule 34 discovery requests had been served and that the Rule 36 requests were untimely. In the letter, Defendants' counsel indicated that, in the absence of a court order, Defendants would not respond to the written discovery. *See* Ex. A attached to Pl.'s Reply (#65).

**DISCUSSION**

The scheduling order in this matter was entered on May 21, 2012. (#44).  It set the discovery cutoff date as August 20, 2012.  The scheduling order further states that [a]ll motions or stipulations to extend discovery shall be received by the Court at least **twenty-one (21) days** prior to the date fixed for completion of discovery . . . or at least **twenty-one (21) days** prior to [the] expiration of any extension therefore . . . ."  (#44) (emphasis in original).  This language is consistent Local rule ("LR") 26-4, which provides that in the event a request to extend is made after the expiration of the subject deadline, the request "shall not be granted unless the movant demonstrates that the failure to act was the result of excusable neglect."[1]

There is no dispute that Plaintiff's request for an extension was not filed within the time frame specified in the scheduling order.  Consequently, the request is reviewed under the "excusable neglect" rather than "good cause" standard. In evaluating excusable neglect, the court considers the following factors: (1) the reason for the delay and whether it was in the reasonable control of the moving party, (2) whether the moving party acted in good faith, (3) the length of the delay and its potential impact on the proceedings, and (4) the danger of prejudice to the nonmoving party.  *See Pioneer Inv. Servs. Co. v. Brunswick Assocs.,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *see also Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 n. 4 (9th Cir.1996).

The Court has reviewed the briefing and the rationale offered by Plaintiff in support of his request.  Although it is not entirely clear from Plaintiff's motion how the change in prison library hours or access affected Plaintiff's ability to propound the discovery requests, the Court will exercise its discretion to extend discovery.  It is not difficult to see how a change in library access would adversely affect Plaintiff's ability to craft effective, targeted, and timely discovery requests.  A change in library hours or access is not something that is within Plaintiff's reasonable control.  Plaintiff appears to be acting in good faith as he has responded to discovery and attempted to

---

[1] Federal Rule of Civil Procedure 6(b)(1) also provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: on motion made after the time has expired if the party failed to act because of excusable neglect."

propound discovery. Any delay caused by an extension will be minimal as the requested extension is specifically aimed toward completion of written discovery. Further, to alleviate any potential prejudice, the Court will also extend the deadline to file dispositive motions.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Extend Discovery Deadline (#62) is **granted**. The discovery cutoff in this matter shall be extended to November 19, 2012.

**IT IS FURTHER ORDERED** that Defendants' Motion to Extend the Deadline to File Dispositive Motions (#66) is **granted**. The deadline for filing dispositive motions shall be extended to **December 19, 2012**.

**IT IS FURTHER ORDERED** that if no dispositive motions have been filed within the time frame specified in this Order, then the parties shall file a written, joint proposed Pretrial Order by **January 18, 2013**. If dispositive motions are filed, then the parties shall file a written, joint proposed Pretrial Order within 30 days of the date the Court enters a ruling on said dispositive motions.

DATED this 19th day of September, 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge