# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

NELSON LLAVATA,

                Plaintiff,        Case No. 2:11-cv-00250-GMN-CWH

vs.                                      **FINDINGS AND RECOMMENDATION**

COLE MORROW, *et al.*,

                Defendants.

This matter is before the Court on Plaintiff's Motion for Leave to Amend Complaint (#54), filed July 24, 2012. The Court also considered Defendants' Opposition to Motion for Leave to Amend (#58), filed August 2012, and Plaintiff's Reply (#61), filed August 16, 2012.

## BACKGROUND

Plaintiff is a prisoner in the custody of the Nevada Department of Corrections (NDOC) and currently housed in the Lovelock Correctional Center. On April 11, 2011, Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and instructed to file an amended complaint more fully articulating his Eighth Amendment claim for deliberate indifference to his medical needs. *See* Order (#5). On May 4, 2011, Plaintiff filed his amended complaint. *See* Amended Complaint (#7). On May 31, 2011, the Court entered its screening order finding that Plaintiff had pled facts sufficient to support his Eighth Amendment claim for deliberate indifference to his medical needs. *See* Screening Order (#8).

By way of this motion, Plaintiff requests that the Court grant him leave to file the Proposed Second Amended Complaint (#54-1) and replace Defendant John Doe Number One with Romeo Aranas. Although Defendants do not object to Plaintiff identifying John Doe Number One as

Romeo Aranas, they contend that Plaintiff should not be allowed to file the Second Amended Complaint, which includes other changes that were not properly identified. In his Reply, Plaintiff concedes that his Second Amended Complaint should not be filed because it includes other changes not clearly identified and limits his request to John Doe Number One with Romeo Aranas.

## DISCUSSION

Before trial, and after previously amending its pleading once as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Circumstances under which leave may be denied include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The party opposing the amendment bears the burden of showing prejudice, delay, or another reason for denying leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Here, Defendants argue that Plaintiff is attempting to alter the substance of his allegations without properly requesting leave or identifying his proposed changes. Indeed, Plaintiff's Motion requests only one identified change - replace Defendant John Doe Number One with Romeo Aranas. Defendants contend that there are other subtle changes throughout Plaintiff's proposed Second Amended Complaint, which were not identified in his Motion. For example, Defendants highlight the fact that Plaintiff's First Amended Complaint alleges that he told medical personnel that he needed surgery (#7, 3), while his Proposed Second Amended Complaint states that he was informed by medical staff that surgery was required (#54-1, 4). Additionally, Plaintiff's First Amended Complaint alleges that he was sent by two John Doe Doctors for three appointments (#7, 4), while his Proposed Second Amended Complaint states that Romeo Aranas was his treating physician for all three appointments (#54-1, 2).

The Court agrees that Plaintiff did not properly request leave to allow for changes other than identifying Romeo Aranas as a defendant. Indeed, in his Reply, Plaintiff agrees to amend the First Amended Complaint to enact this change rather than filing the Proposed Second Amended

1  Complaint.  He alleges that allowing for the replacement of John Doe Number One with Romeo
2  Aranas will alleviate unnecessary delay and the need to file the Proposed Second Amended
3  Complaint.  Therefore, the Court recommends that Plaintiff's First Amended Complaint be
4  amended to replace John Doe with Romeo Aranas as follows: (1) once on page 2 at ¶¶ 4 and 5, (2)
5  twice on page 4 at ¶ 2, (3) once on page 5 at ¶ 1, (4) once on page 7 at ¶¶ 1 and 2, (5) once on page
6  8 at ¶ 1, (6) once on page 9 at ¶ 1, and twice on page 10 at ¶ 1.
7  Based on the foregoing and good cause appearing therefore,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Leave to Amend Complaint (#54) be **granted subject to the modification** that Plaintiff be given leave to amend his First Amended Complaint to replace Defendant John Doe Number One with Romeo Aranas in the First Amended Complaint sections identified above, but not be given leave to file the Proposed Second Amended Complaint (#54-1).

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 22th day of October, 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge