1

2

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

9   NELSON LLAVATA,                      )
                                         )
10                       Plaintiff,      )    Case No. 2:11-cv-00250-GMN-CWH
                                         )
11  vs.                                  )    **ORDER**
                                         )
12  COLE MORROW, *et al.*,               )
                                         )
13                       Defendants.     )
    _____ )

14

15          This matter is before the Court on Plaintiff's Motion for Subpoena Duces Tecum (#80),

filed November 14, 2012.

16          Plaintiff requests that the Court authorize issuance of a Rule 45 subpoena duces tecum for

17  purposes of obtaining his medical records.  Plaintiff is proceeding *in forma pauperis*.  The

18  authorization of a subpoena duces tecum requested by an *in forma pauperis* plaintiff is subject to

19  limitations.  *Alexander v. California Dep't of Corrections*, 2010 WL 5114931 (E.D. Cal).  Because

20  personal service of a subpoena duces tecum is required under Rule 45(b), "[d]irecting the Marshal's

21  Office to expend its resources personally serving a subpoena is not taken lightly by the court." *See*

22  *Frazier v. Redding Police Dep't*, 2012 WL 5868573 (E.D. Cal.) (citing *Austin v. Winett*, 2008 WL

23  5213414 (E.D. Cal.))*.*  "Limitations include the relevance of the information sought as well as the

24  burden and expense to the non-party in providing the requested information." *Id*. (citations

25  omitted).  Normally, a motion for issuance of subpoena duces tecum should clearly identify the

26  documents sought and show that the records are only obtainable through the identified third-party.

27  *Id*.  Non-parties are "entitled to have the benefit of [the] Court's vigilance" in ensuring the non-

28  party does not suffer excessive or unusual expenses in complying with a subpoena duces tecum.  *Id*.

1   (citing *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991)).

2         Shortly after Plaintiff filed his motion, Defendants filed a motion for summary judgment.

3   *See* Defs' Mot. (#83).  Defendants also filed a motion for leave to file Plaintiff's medical records

4   under seal as an exhibit to the summary judgment motion in order to ensure confidentiality and

5   prevent the entry of Plaintiff's medical records into the public record.  (#84).  Defendants also

6   represented that they would send a copy of the records to the facility where Plaintiff is in custody

7   "with instructions to maintain the records in a safe and secure place outside of Plaintiff's

8   immediate possession and to permit Plaintiff to review the exhibit by appointment pursuant to

9   applicable administrative procedures."  *Id*. at 2:5-7.  Consequently, it appears that Plaintiff's

10  request for a Rule 45 subpoena is moot as his medical records are available for his review at the

11  facility where he is currently housed.  Accordingly,

12        **IT IS HEREBY ORDERED** that  Plaintiff's Motion for Subpoena Duces Tecum (#80) is

13  **denied as moot**.

14        DATED this 9th day of January, 2013

15

16        _____

17        C.W. Hoffman, Jr.
          United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28