1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

9  NELSON LLAVATA,                    )
10                       Plaintiff,   )       Case No. 2:11-cv-00250-GMN-CWH
11  vs.                               )       **ORDER**
12  COLE MORROW, *et al.*,            )
13                       Defendants.  )
   _____   )
14

15          This matter is before the Court on Plaintiff's Motion for Reconsideration (#100), filed

16  February 12, 2013 and Plaintiff's Motion to Extend Time (#101), filed February 22, 2013.

17  **1.  Plaintiff's Motion for Reconsideration (#100)**

18          On December 20, 2012, the Court entered an order granting Defendants' motion to file an

19  exhibit under seal.  *See* Order (#86).  This was done to prevent entry of Plaintiff's medical records

20  into the public record and to protect Plaintiff's confidentiality.  In addition to placing the records

21  under seal, the Court also ordered Defendants to send a copy of the sealed exhibit "to Northern

22  Nevada Correctional Center, where Plaintiff is currently housed, with instructions to maintain the

23  records in a safe and secure place outside Plaintiff's immediate possession and to permit Plaintiff to

24  review the exhibit by appointment pursuant to applicable administrative procedures."  *Id.* at 2:4-7.

25          On January 11, 2013, Plaintiff filed a motion (#93) requesting an order allowing him "to

26  review his own medical records and progress notes currently under seal."  The request was based

27  exclusively on the Court' prior order (#86), which was attached to the motion.  *See* Ex. B attached

28  to Pl.'s Mot. (#93).  Apparently, Plaintiff had requested, as instructed, to "review [his] medical files

   and progress notes that are currently under seal," but that request had been denied.  *See* Ex. A

attached to Pl.'s Mot. (#93).  In light of the apparent refusal to comply with the Court's prior order (#86), the undersigned issued a minute order setting a hearing to resolve the question of access to the sealed materials.  *See* Minute Order (#94).   In response to Plaintiff's motion (#93) and the order setting the hearing (#94), Defendants admitted that an error had made it so Plaintiff's access to the sealed records was denied in spite of the court order.  *See* Defs' Resp. (#95) at 2:5-15.  When Defendants' counsel became aware of the error, it was immediately rectified and Plaintiff was provided access to the sealed records.  Consequently, the Court vacated the scheduled hearing and denied Plaintiff's motion (#93) as moot.  *See* Order (#96).

Now, Plaintiff is requesting that the Court reconsider its order arguing that he actually requested that he be given access to all of his medical records, not just the sealed records submitted as an exhibit to Defendants' motion for summary judgment.  The Federal Rules of Civil Procedure do not explicitly recognize a petition for rehearing or motion to reconsider.  However, this court has the inherent power to revise, correct, and alter interlocutory orders at any time prior to entry of a final judgment.  *See Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 105 (9th Cir. 1958); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006).  This authority is governed by the doctrine that a court will generally not reexamine an issue previously decided by the same or higher court in the same case.  *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001); *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998).  A court has discretion to depart from the prior order when (1) the first decision was clearly erroneous, (2) there has been an intervening change of law, (3) the evidence on remand is substantially different, (4) other changed circumstances exist, or (5) a manifest injustice would otherwise result.  *Cuddy*, 147 F.3d at 1114.

The Ninth Circuit has recognized three circumstances in which a district court should grant a motion for reconsideration: if the district court (1) is presented with newly discovered evidence, (2) has committed clear error or the initial decision was manifestly unjust, or (3) there has been an intervening change in controlling law."  *Nunes v. Ashcroft,* 375 F.3d 805, 807–08 (9th Cir.2004) (quoting *Sch. Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993)).  On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason

2

1    justifying relief.  *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir.1985). A motion for

2    reconsideration should not merely present arguments previously raised; that is, a motion for

3    reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously

4    presented.  *See Merozoite v. Thorp,* 52 F.3d 252, 255 (9th Cir.1995); *Khan v. Fasano,* 194

5    F.Supp.2d 1134, 1136 (S.D.Cal.2001) ("A party cannot have relief under this rule merely because

6    he or she is unhappy with the judgment.").

7           Plaintiff argues that reconsideration is appropriate in this instance because the Court made

8    an error when it limited his review to the sealed materials.  The Court disagrees.  The original

9    motion (#93) is clearly limited to the review of the sealed materials submitted in support of

10   Defendants' motion for summary judgment.  Plaintiff has submitted nothing to support

11   reconsideration and was previously granted the entirety of his requested relief.

12   **2.  Plaintiff's Motion to Extend (#101)**

13          Plaintiff also requests an additional thirty (30) day extension to file a response to the

14   pending motion for summary judgment.   As a general matter, courts broadly construe pleadings

15   filed by *pro se* litigants and give such plaintiffs "the benefit of any doubt."  *E.g. Bretz v. Kelman*,

16   773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (citation omitted).  Nevertheless, even *pro se* litigants

17   must comply with the Federal Rules of Civil Procedure.  *E.g. King v. Atiyeh*, 814 F.2d 565, 567

18   (9th Cir. 1987); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("pro se litigants

19   in the ordinary civil case should not be treated more favorable than parties with attorneys of

20   record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) (pro se

21   litigants expected to abide by the rules of the court in which litigation proceeds).  The Court has

22   been extraordinarily lenient with Plaintiff up to this point in the litigation.  That leniency is not

23   unlimited.  Nevertheless, the Court will grant the extension to respond to the motion for summary

24   judgment.  Plaintiff is advised that no further extensions will be authorized.

25          Based on the foregoing and good cause appearing therefore,

26          **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (#100) is **denied**.

27          **IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time (#101) is **granted**.

28   Plaintiff shall until Monday, April 1, 2013 to file his response to Defendants' motion for summary

3

judgment.  No further extensions will be authorized.

DATED this 6th day of March, 2013

_____
C.W. Hoffman, Jr.
United States Magistrate Judge