UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NELSON LLAVATA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> COLE MORROW; BRUCE BANNISTER, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:11-cv-00250-GMN-CWH <br><br> **ORDER** |

Pending before the Court is the Motion to Reconsider Magistrate Judge Hoffman's Order Denying Plaintiff's Motion to Extend Prison Copywork Limit (ECF No. 52) filed by Plaintiff Nelson Llavata ("Plaintiff"). Defendants Cole Morrow and Bruce Bannister ("Defendants") filed a Response (ECF No. 53) and Plaintiff filed a Reply (ECF No. 55).

I. **BACKGROUND**

Plaintiff is a prisoner in the custody of the Nevada Department of Corrections (NDOC) and currently housed in the Northern Nevada Correctional Center.[1] (Notice of Change of Address, ECF No. 29.) Plaintiff commenced this litigation on February 14, 2011, when he filed his Motion for Leave to Proceed *in forma pauperis*. (ECF No. 1.) Plaintiff's Complaint alleges that he was denied medical treatment in violation of his civil rights. (Compl. 4, ECF No. 6.) Plaintiff further alleges that Defendants violated his Fourteenth Amendment rights to Due Process and Equal Protection of the Law. (*Id.*)

Thereafter, the Court granted Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and instructed Plaintiff to file an amended complaint more fully articulating his

---

[1] Plaintiff was originally housed at Lovelock Correctional Center. (Am. Compl. ¶ 1, ECF No. 7.) However, on November 7, 2011, Plaintiff filed a Notice of Change of Address that notified the Court that he had been relocated to the Northern Nevada Correctional Center in Carson City, Nevada. (Notice of Change of Address, ECF No. 29.)

1  Eighth Amendment claim for deliberate indifference to his medical needs. (Order, ECF No. 5.)
2  On May 4, 2011, Plaintiff filed his First Amended Complaint. (First Am. Compl., ECF No. 7.)
3  Subsequently, on May 31, 2011, the Court entered its Screening Order finding that Plaintiff had
4  pled facts sufficient to support his Eighth Amendment claim for deliberate indifference to his
5  medical needs. (Screening Order, ECF No. 8.)

6      Plaintiff first sought to extend his Prison Copywork Limit on August 1, 2011. (ECF No.
7  14.) Magistrate Judge Hoffman denied that motion on September 14, 2011. (Order, ECF No.
8  25.) Thereafter, on May 17, 2012, Plaintiff filed a second motion to extend his prison
9  copywork limit. (ECF No. 42.) Magistrate Judge Hoffman similarly denied this motion on May
10 21, 2012. (ECF No. 43.) Less than one month later, on June 7, 2012, Plaintiff filed a third
11 motion to extend his prison copywork limit. (ECF No. 49.) On June 19, 2012, as with the
12 previous two requests, Magistrate Judge Hoffman denied this request. (ECF No. 51.)
13 Magistrate Judge Hoffman specifically denied Plaintiff's request because it amounted to "a
14 blanket extension that is not tied to any particularized need." (Order 1:26-28, ECF No. 51.)
15 Furthermore, as Magistrate Judge Hoffman noted in each of his Orders denying Plaintiff's
16 request for extension of his copywork limit, "Nevada prisons provide inmates with carbon
17 paper to enable inmates to reproduce writings without the use of photocopies." (*See, e.g.*, Order
18 1:28-2:3, ECF No. 51.)

19     In response to the third denial of his Motion to Extend Prison Copywork Limit, Plaintiff
20 filed the instant motion requesting that the District Judge reconsider Magistrate Judge
21 Hoffman's denials of Plaintiff's motions pursuant to Rules 59 and 60(b) of the Federal Rules of
22 Civil Procedure.[2] (ECF No. 52.)
23 / / /

---

25 [2] Rule 59 of the Federal Rules of Civil Procedure provides a mechanism by which a party can seek to alter or amend a *judgment*. Because there has been no entry of judgment in this case, Plaintiff's Rule 59 motion is premature.

## II. LEGAL STANDARD

Under Rule 60(b) of the Federal Rules of Civil Procedure, reconsideration is appropriate where: (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah Cnty v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

A party may also seek "review of matters which may be finally determined by a magistrate judge in civil . . . cases" under 28 U.S.C. § 636(b)(1)(A) and Rule IB 3-1 of the Local Rules of Practice for the United States District Court for the District of Nevada. Specifically, section 636(b)(1)(A) provides for reconsideration "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* D. Nev. R. IB 3-1(a).

As discussed below, Plaintiff has neither presented the Court with newly discovered evidence nor provided the Court with an intervening change in controlling law.  For this reason, the inquiry under Rule 60(b) and under 28 U.S.C. § 636(b)(1)(A) essentially collapse into a single clear error analysis.

## III. DISCUSSION

First, Plaintiff has failed to present this Court with any newly discovered evidence that would warrant reconsideration of Magistrate Judge Hoffman's Order Denying Plaintiff's Motion to Extend Prison Copywork Limit.  Second, Plaintiff has also failed to provide, and the Court has not discovered, any change in controlling law that has occurred since the filing of Judge Hoffman's Order.  In fact, controlling law still provides that inmates are not entitled to free or unlimited copywork. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991); *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989); *see also Lewis v. Casey*, 518 U.S. 343, 384-85 (1996) ("Quite simply, there is no basis in constitutional text, pre-*Bounds* precedent, history, or

tradition for the conclusion that the constitutional right of access imposes affirmative obligations on the States to finance and support prisoner litigation"). Accordingly, the Court need only determine whether Judge Hoffman's order was clearly erroneous or manifestly unjust.

The Court finds neither clear error nor manifest injustice. Namely, the Order provides that Plaintiff may file motions for additional copywork as the need arises, so long as Plaintiff specifically identifies the purposes for which he needs copies and how much additional copywork is needed for each individual purpose. Furthermore, Defendants' agreement to waive service on subsequently filed motions relieves Plaintiff of his obligation to create additional copies of his filings. Thus, using carbon paper as an alternative to copywork significantly decreases the burden on Plaintiff and, correspondingly, decreases the need for additional copywork. For these reasons, Plaintiff's Motion to Reconsider is DENIED.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Reconsideration (ECF No. 52) filed by Plaintiff Nelson Llavata is **DENIED**.

**DATED** this 27th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge