# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| NELSON LLAVATA, | |
| Plaintiff, | Case No. 2:11-cv-00250-JAD-CWH |
| vs. | **ORDER** |
| COLE MORROW, *et al.*, | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion to Reconsider Order #115 (#118), filed on April 15, 2014. Plaintiff is a prisoner in the custody of the Nevada Department of Corrections and currently housed in the Northern Nevada Correctional Center. On April 11, 2011, Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. On May 31, 2011, the Court entered its screening order finding that Plaintiff had pled facts sufficient to support his Eighth Amendment claim for deliberate indifference to his medical needs. *See* Screening Order (#8). On April 8, 2014, the Court denied Plaintiff's third request for appointment of counsel. *See* Order (#115). The Court noted that the previous two requests were both denied. *See* Orders (#28) and (#38). By way of this motion, Plaintiff requests reconsideration of Order #115.

## DISCUSSION

While the Federal Rules of Civil Procedure do not explicitly recognize a petition for rehearing or motion to reconsider, the court has the inherent power to revise, correct, and alter interlocutory orders at any time prior to entry of a final judgment. *See Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 105 (9th Cir. 1958); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). This authority is governed by the doctrine that a court will generally not reexamine an issue previously decided by the same or higher court in the same case. *Lucas Auto. Eng'g, Inc.*

*v. Bridgestone/ Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001); *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998).  However, a court has discretion to depart from the prior order when (1) the first decision was clearly erroneous, (2) there has been an intervening change of law, (3) the evidence on remand is substantially different, (4) other changed circumstances exist, or (5) a manifest injustice would otherwise result.  *Cuddy*, 147 F.3d at 1114.

On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief.  *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir. 1985).  A motion for reconsideration should not merely present arguments previously raised; that is, a motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented.  *See Merozoite v. Thorp,* 52 F.3d 252, 255 (9th Cir.1995); *Khan v. Fasano,* 194 F.Supp.2d 1134, 1136 (S.D. Cal. 2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment.").

Here, the Court finds that Plaintiff has failed to demonstrate that reconsideration is proper.  Plaintiff fails to cite the standard for reconsideration or any points and authority in support of reconsideration as required by Local Rule 7-2.  Further, the Court finds its decision to deny Plaintiff's request for appointment of counsel to be supported.  Plaintiff appears to assert that he did not write the complaint, but had help from three inmates and does not know the law.  The Court finds that the exceptional circumstances necessary to justify appointment of counsel are not present and no grounds for reconsideration exist.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider Order #115 (#118) is **denied**.

DATED: April 14, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**